Mills *v.* Darling.

PRESERVED B. MILLS *versus* SAMUEL DARLING, *Adm'r.*

A conveyance by husband and wife of real estate belonging to the wife, and a bond to reconvey given to the wife alone, constitute a mortgage; and not the less so because the wife gave no personal security for the money to be paid, as specified in the condition of the bond.

ON AGREED STATEMENT OF FACTS.

Writ of entry to recover possession of a lot of land in Bangor.

The defendant is in possession of the premises as adminis-

trator of the estate of Eliza M. Campbell, and also as lessee under her heirs at law, she having died in February, 1856, leaving no children.

The plaintiff claims title under a quit claim deed, dated February 1, 1854, from Benjamin G. Campbell, and Eliza M. Campbell, his wife, in her right to himself.

At the time Campbell and wife executed the deed to Mills, he executed to her a bond of the same date, to sell and execute to her a deed of the premises on the condition that she paid, took and delivered to him four notes, amounting to the sum of four hundred dollars, agreeably to the conditions of the bond. Mrs. Campbell has paid only sixty dollars towards the notes, which sum is endorsed on the bond.

Mills has paid and taken up two of the notes, and paid one year's interest on the other two notes. The notes have always been at a convenient place in Bangor, for her to pay them at her request.

The defendant submits to a default, but claims that judgment shall be rendered as of mortgage.

Judgment is to be rendered according to the legal rights of the parties.

*A. G. Wakefield,* counsel for the plaintiff.

*Albert W. Paine,* counsel for the defendant.

HATHAWAY, J. Benjamin G. Campbell and his wife, in her right, conveyed the demanded premises to the demandant, who at the same time gave her a bond, conditioned to convey the same to her on her payment of certain notes of the same date, given by him to Charles E. Mills, of which she subsequently paid a part only, which was endorsed on the bond.

The question is, whether or not the deed and bond constituted a mortgage. The counsel for the plaintiff insists, that the bond cannot operate as a defeasance within the meaning of R. S., chap. 125, sec. 1, because, " the deed was from two persons, and the bond to one person."

But the land belonged to the wife, and the husband joined in the deed merely to enable her to convey it. A conveyance to *her*, as stipulated in the bond, would have restored to both the husband and wife, the same title to the land which was conveyed by their deed to the demandant. It would have been, strictly, a *reconveyance*.

It is also objected that Mrs. Campbell gave no personal security for the money to be paid, as specified in the condition of the bond. It was not necessary that she should give such security. Rice v. Rice, 4 Pick., 349.

The demandant is entitled only to the conditional jugdment.

*Judgment as of Mortgage,*